NOT DESIGNATED FOR PUBLICATION

Nos. 116,086
116,087

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY T. JACOBOSKY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 18, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before PIERRON, P.J., GREEN and HILL, JJ.


*Per Curiam*:  This is an appeal from a judgment of the sentencing revoking Anthony T. Jacobosky's probation and imposing his underlying prison sentences in two cases after he violated the terms and conditions of his probation. Jacobosky now appeals, arguing that the trial court abused its discretion in revoking his probation and imposing his underlying prison sentences because doing so was contrary to the purposes of the Kansas Sentencing Guidelines Act (KSGA). He further argues that his needs and that the needs of the community would have been better served by extending his probation and

1

ordering him to complete drug addiction treatment. Finding no merit in these arguments, we affirm.

On January 5, 2015, Jacobosky was charged with one count of offender registration violation in No. 15CR12. On March 13, 2015, he pled guilty to this charge. On June 3, 2015, he was sentenced to 24 months of probation with an underlying prison term of 19 months.

On August 28, 2015, Jacobosky was charged with one count of offender registration violation in No. 15CR2528. On October 27, 2015, he pled guilty to this charge.

On December 2, 2015, the trial court held a hearing to sentence Jacobosky in 15CR2528 and determine whether his probation should be revoked in 15CR12. In 15CR12, Jacobosky's probation was revoked and reinstated. His probation term was extended for 24 months, and he was ordered to spend 120 days in prison. He had previously been ordered to serve a 2-day "quick-dip" sanction in 15CR12. In 15CR2528, Jacobosky was sentenced to 36 months of probation with an underlying prison term of 34 months. His sentence in 15CR2528 was ordered to be served consecutive to his sentence in 15CR12.

On February 29, 2016, a bench warrant was issued against Jacobosky, alleging that he had submitted a urine sample which tested positive for marijuana. One of his conditions of probation required Jacobosky not to possess or consume any type of drugs not prescribed by a licensed physician. On March 30, 2016, the trial court held a probation violation hearing based on the allegations in the warrant. At the hearing, Jacobosky waived his right to an evidentiary hearing and admitted the allegations in the warrant. As a result, the trial court ruled that Jacobosky had violated the terms of his

probation in 15CR12 and 15CR2528. The court revoked Jacobosky's probation in both cases. In revoking his probation, the trial judge reasoned as follows:

> "I will per [K.S.A.] 22-3716 subsection (c)(9) note that the welfare of the offender will not be served by any lesser sanctions. I will note that he has been quick-dipped. I will note that he has had the intermediate KDOC sanctions that we sometimes call a soak. I have done everything that I think I can to get Mr. Jacobosky's attention. I think I have granted him as much mercy as this Court can grant.
>
> . . . .
>
> "I find with particularity here with regard to the continued use of drugs, even with all the other convictions and intermediate sanctions that this gentleman does not choose to abide by conditions of probation."

The trial court imposed Jacobosky's underlying sentences. Jacobosky was ordered to serve 19 months in prison under 15CR12 and 34 months in prison under 15CR2528. The two prison terms were ordered to be served consecutively.

Jacobosky timely appealed.

*Did the Trial Court Abuse Its Discretion in Revoking Jacobosky's Probation and Imposing His Underlying Sentences?*

The propriety of a sanction imposed by a trial court for a probationer's violation of the terms of his or her probation is reviewed for an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A trial court's actions constitute an abuse of discretion (1) if no reasonable person would agree with the court's view; (2) if they are based on an error of law; or (3) if they are based on an error fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

3

Jacobosky argues that the trial court abused its discretion in revoking his probation and imposing his underlying prison sentences because "the imposition of the prison sentence was not appropriate in achieving the goals of the Kansas Sentencing Guidelines." He further argues that his needs and that the community's needs would have been better served by extending his probation and ordering him to complete drug addiction treatment.

K.S.A. 2016 Supp. 21-6601 states that the KSGA

"shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

Jacobosky's arguments are heavily based on the explanation that he gave the trial court for testing positive for marijuana. At his revocation hearing, Jacobosky explained his situation:

"I mean, there was some E-vapor mixed in with the nicotine stuff. They got hemp oil that you can put in E-vapor cigarettes that you can smoke.

. . . .

"Co-worker of mine. I didn't have any cigarettes. He asked me if I wanted to take a couple hits of his E-vapor. I didn't know that they had stuff like that. I really didn't this time."

Jacobosky's Intensive Supervision Officer (ISO) testified at his revocation hearing but could not confirm the details of Jacobosky's story. Instead, the ISO testified that when

4

he confronted Jacobosky about the positive test result, Jacobosky only admitted that he had smoked marijuana. The ISO noted that Jacobosky did not provide any further explanation before he signed a written admission. After hearing Jacobosky's explanation and the ISO's testimony, the trial judge addressed Jacobosky.

> "I believe that when you tell me the story about accidentally ingesting hemp oil, I have to really try—it's a real stretch to believe that story and the reason is that if you had, if that had been what actually occurred, then I think that would have been the first thing out of your mouth with [your ISO]. When it's not, I have some real questions about the veracity of that statement."

We need not determine the veracity of Jacobosky's explanation for his failed test. Instead, we must determine if the trial court's actions constituted an abuse of discretion. Here, the trial court's decision not to give Jacobosky's explanation great weight is supported by sound reasoning. Had Jacobosky accidentally ingested marijuana, it is difficult to imagine why he would not have explained the situation to his ISO. For this reason, the trial court did not abuse its discretion in disregarding Jacobosky's explanation for the positive test result.

Moreover, the KSGA states that "offenders shall be dealt with by probation . . . whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender." K.S.A. 2016 Supp. 21-6601. But we cannot say that Jacobosky's welfare would be best served by continued probation. Jacobosky had already been ordered to serve a 2-day quick-dip sanction and a 120-day "soak" sanction for earlier probation violations. This was not a situation where his underlying sentences were imposed after a first-time violation. Indeed, Jacobosky had been given multiple opportunities to show the trial court that he could comply with the conditions of his probation. But Jacobosky failed to take advantage of those opportunities. As a consequence, his probation was revoked and his underlying sentences were imposed. In doing so, the trial court did not abuse its discretion.

After consideration of Jacobosky's arguments, we hold that the trial court did not abuse its discretion in revoking his probation and imposing his underlying sentences. Accordingly, we affirm.

Affirmed.